UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Carlos Chavez Norwood, III, | Case No.: 2:22-cv-01671-JAD-VCF |
| Plaintiff | |
| v. | **Order Screening Complaint and Dismissing It with Leave to Amend by May 12, 2023** |
| Renown Hospital, | |
| Defendant | |

Plaintiff Carlos Chavez Norwood, III brings this civil-rights action under 42 U.S.C. § 1983, claiming that his right to medical care was violated when he did not receive an MRI for his injured knee following his arrest. Because Norwood applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has not pled any colorable claims, so I dismiss his complaint with leave to file an amended complaint by May 12, 2023.

**Background**

**A.    Plaintiff's factual allegations**[2]

Norwood was injured during his arrest.[3] Norwood told the police and the ambulance that he had injured his knee and needed medical treatment.[4] Norwood was given an x-ray at the hospital, and the x-ray did not show anything wrong with his knee. An MRI would have shown that Norwood had torn his ACL and had injuries to both his meniscuses. Norwood let the nurse or doctor know that something was wrong, but he was discharged without an MRI.

---

[1] ECF No. 1.

[2] This is merely a summary of the plaintiff's allegations and is not intended as findings of fact.

[3] ECF No. 1-1 at 3.

[4] *Id.* at 6.

Norwood was detained at the Washoe County Detention Center.[5] He continued to experience pain and was barely able to walk. Norwood had another x-ray performed but, because he did not have any broken bones, the x-ray did not show any damage. As a result of not having his injury treated, Norwood has twice slipped and further injured his knee during his incarceration.[6] When Norwood eventually had an MRI, it showed a complete tear to his ACL and a meniscus injury. Because of Norwood's ongoing pain, he was only able to make it to the showers 30–40 times from February 2021 to April 2022.[7]

**B.  Plaintiff's causes of action**

Based on these events, Norwood sues defendant Renown Hospital and claims that his right to medical care was violated.[8] He seeks damages and injunctive relief.[9]

## Discussion

**A.  Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[10] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[11] All or part of the complaint may be

---

[5] *Id.* at 4.
[6] *Id.* at 3.
[7] *Id.* at 4.
[8] *Id.* at 4–6.
[9] *Id.* at 6.
[10] *See* 28 U.S.C. § 1915A(a).
[11] *See* 28 U.S.C. § 1915A(b)(1)(2).

dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[12]

      Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[13] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[14] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[15] but a plaintiff must provide more than mere labels and conclusions.[16] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[17] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

---

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[13] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[14] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[15] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[18] *Id.*

**B.      Analysis of claims**

   *1.      Norwood fails to state a colorable claim.*

Based on the allegations in the complaint, Norwood was a pre-trial detainee at the time that he was treated at Renown Hospital. Pretrial detainees may raise inadequate-medical-care claims under the Fourteenth Amendment's Due Process Clause.[19] Courts evaluate these claims under an objective, deliberate-indifference standard.[20] The elements of a pretrial detainee's Fourteenth Amendment inadequate-medical-care claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."[21] The third element requires the defendant's conduct to be "objectively unreasonable"—a test that turns on the facts and circumstances of each particular case.[22] A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[23]

"For purposes of claims brought under § 1983, a private entity . . . is treated as a municipality" and such claims must satisfy the requirements adopted by the United States

---

[19] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).
[20] *Id.* at 1125.
[21] *Id.*
[22] *Id.*
[23] *Id.*

Supreme Court in *Monell v. Dep't of Soc. Servs. of City of New York*.[24]  To make out a claim against a private entity under *Monell*, a plaintiff must show that (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the private entity.[25]

I find that Norwood fails to state a colorable claim of inadequate medical care under the Fourteenth Amendment.  The only defendant in this action is Renown Hospital, which appears to be a private entity.  Thus, in order state a § 1983 claim against Renown Hospital, Norwood must allege that the constitutional violation was caused by an official policy or custom of Renown Hospital.  But the complaint contains no allegation that would suggest that an official policy or custom of Renown Hospital led to the decision not to take an MRI of Norwood's knee.  So the allegations do not support a *Monell* claim against Renown Hospital, and I dismiss Norwood's complaint without prejudice.

Even if I were to liberally construe the complaint as bringing a claim against an additional John Doe doctor at Renown Hospital, Norwood's allegations would not support that claim either.  In order to support such a claim, the complaint would need to allege facts showing that John Doe's medical treatment went beyond negligence and that John Doe acted with a reckless disregard to Norwood's medical needs.  Norwood alleges that, had medical staff at Renown Hospital ordered an MRI, it would have discovered his injuries.  But this is based on hindsight.  To support a colorable claim against a John Doe doctor, Norwood would need to

---

[24] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983").

[25] *Tsao*, 698 F.3d at 1139.

5

allege that hat the doctor knew that there was a substantial risk that Norwood had a serious knee injury that needed treatment and that the injury would only be discovered with an MRI.

The allegations in the complaint do not support the claim that medical staff had reason to know that Norwood needed an MRI. Norwood states that he informed police and the ambulance crew that he had suffered a knee injury and that he told a nurse or doctor that something was wrong. But this, on its own, does not indicate that medical staff knew that Norwood needed an MRI, as not all knee injuries require an MRI. I note that Norwood states that he was entitled to proper medical care regardless of his "state of mind" or "what illegal, illicit drugs were in his system," when he arrived at the hospital.[26] Norwood is correct that his state of mind or drug use do not affect his right to medical treatment. But if Norwood was not able to communicate the nature of his injury to medical staff, it might have affected medical staff's ability to properly diagnose and treat him.

I also note that Norwood alleges that he remained in pain for months—or possibly years—after he was discharged from Renown Hospital. He alleges that after months of ongoing pain while he was incarcerated at Washoe County Detention Center, he received another x-ray instead of an MRI. It is not clear when Norwood actually received an MRI, but it would appear that it happened after he fell down the stairs at Washoe County Detention Center, and then fell while walking down a hallway at Northern Nevada Correctional Center. Nothing in the complaint suggests that Renown Hospital was responsible for the ongoing failure to provide Norwood an MRI for months, or possibly years, while he continued to suffer from his injury. Rather, it would appear that those decisions were made by officials at Washoe County Detention Center and/or Northern Nevada Correctional Center. So Norwood has stated no colorable claim.

---

[26] ECF No. 1-1 at 4.

C.  **Leave to amend**

Because I cannot conclude that Norwood can state no facts to support a claim, and district courts must liberally grant leave to amend to pro se litigants, I grant Norwood leave to file an amended complaint to state a colorable claim of inadequate medical care under the Fourteenth Amendment if he can allege additional facts to remedy the deficiencies identified above.  If Norwood chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[27]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Norwood must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.  **He must file the amended complaint by May 12, 2023.**

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice and with leave to amend by May 12, 2023.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If plaintiff chooses to file an amended complaint, he must

---

[27] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If plaintiff does not file an amended complaint by May 12, 2023, this action will be dismissed without prejudice for failure to state a claim.**

Dated: March 30, 2023

_____
U.S. District Judge Jennifer A. Dorsey