# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Carlos Chavez Norwood, III,

    Plaintiff

v.

Nolan O'Connor and Roberto Rivera,

    Defendants

Case No.: 2:22-cv-01671-JAD-VCF

**Order Extending Time to Complete Service and Granting Motion to Transfer**

[ECF Nos. 30, 33]

    Pro se plaintiff Carlos Norwood sues defendants Nolan O'Connor and Roberto Rivera for failing to provide him adequate medical care while he was a pretrial detainee at the Washoe County jail in Reno, Nevada. Norwood has attempted to serve the defendants by mail and seeks an extension of time to complete service if his attempts weren't sufficient. He also moves to transfer this case to the unofficial Northern Division of the United States District Court for the District of Nevada in Reno. I grant both motions.

**A.    Service**

    In July 2023, I screened Norwood's second-amended complaint and allowed this case to proceed on his inadequate-medical-care claim against defendants O'Connor and Rivera.[1] I also granted Norwood's request to proceed *in forma pauperis* and informed him that the U.S. Marshal would attempt to effectuate service of his complaint on the defendants. I directed Norwood to complete USM-285 forms (required for the U.S. Marshal to serve each defendant) and send them to the U.S. Marshal by August 16, 2023.[2] Norwood instead tried to serve the defendants himself

---

[1] ECF No. 11.

[2] *Id.* at 9.

but was confused by the process and filed several motions and documents seeking assistance.[3] In the meantime, the U.S. Marshal filed notices stating that Norwood did not complete the USM-285 forms, so the Marshal could not serve anyone.[4] Norwood then tried to effectuate service by U.S. Mail, noting that this "completed [service] to the best of my knowledge . . . , [but] if not, I'm asking for an extension for the service of summons for a good cause."[5] Some of Norwood's service motions were set for hearing before the magistrate judge, but when the hearing was held, the prison produced the wrong Mr. Norwood, and the court learned that plaintiff Carlos Norwood has been released. The magistrate judge did not rule on Norwood's alternative request to extend his service deadline.[6]

Norwood has not yet properly served the defendants. To utilize the U.S. Marshal for service, Norwood had to complete and mail the USM-285 forms sent to him along with my prior order directing service. He did not do so, so the Marshal was unable to complete service for him. And his attempt to serve the defendants by mail was inadequate. To effectively serve an individual, one must "deliver[] a copy of the summons and of the complaint to the individual personally; leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process."[7] Service by mail does not suffice under the Federal or Nevada Rules of Civil Procedure; personal service is required.

---

[3] *See* ECF No. 13; ECF No. 14; ECF No. 15; ECF No. 22; ECF No. 26.

[4] ECF No. 20; ECF No. 21.

[5] ECF No. 30.

[6] The extension request was included in a document titled "Proof of Service asserting Summons served on November 8, 2023," and was not filed as a motion in the court's docketing system. *See id.* I construe it as one now.

[7] Fed. R. Civ. P. 4(e)(2); Nev. R. Civ. P. 4.2(a).

2

I liberally construe Norwood's proof-of-service document as a motion to extend service in the event that his service attempts were unsuccessful, and I grant that motion. Because he is proceeding *in forma pauperis*, Norwood is still entitled to service by the U.S. Marshal. I grant him 20 days from today to complete and return the attached USM-285 forms (one for each defendant) to the U.S. Marshal. Norwood is advised that he alone must supply the addresses for the defendants so that the Marshal can serve them.

**B.     Transfer**

The District of Nevada has two unofficial divisions: the southern division contains Clark, Esmeralda, Lincoln, and Nye counties; and the northern division contains Carson City, Churchill, Douglas, Elko, Eureka, Humboldt, Lander, Lyon, Mineral, Pershing, Storey, Washoe, and White Pine counties. Under Local Rule IA 1-8, civil actions filed by pro se prisoners "must be filed in the unofficial division of the court in which the inmate is held when the complaint or petition is submitted for filing."[8] "All other civil actions must be filed in the clerk's office for the unofficial division of the court in which the action allegedly arose."[9]

The local rules direct that "[a]ll filings must be made and proceedings had in the division of the court in which the case was originally filed, except that the presiding judge may direct that proceedings or trial take place in the division other than the division where filed."[10] And under 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division

---

[8] L.R. IA 1-8(a).
[9] *Id.*
[10] *Id.* at 1-8(c).

where it might have been brought"[11] and may "order any civil action to be tried at any place within the division in which it is pending."[12]

The events that Norwood alleges in his complaint stem from his pretrial incarceration at the Washoe County jail, which is located in the unofficial northern division of this district. The case was brought here only because, at the time Norwood filed his complaint, he was incarcerated at Southern Desert Correctional Center in Southern Nevada. Now that Norwood is no longer incarcerated in the southern division, the action belongs in the northern division, where the events giving rise to Norwood's claim occurred. And both defendants worked at the jail during those events and are ostensibly still located in Washoe County, as is Norwood.[13] I thus find that a change of venue to the northern division would be most convenient for all parties, and I grant Norwood's motion to transfer. The Clerk of Court will close this action and open a new case in the northern division.

**Conclusion**

**IT IS THEREFORE ORDERED** that Norwood's motion for an extension of time to serve the defendants **[ECF No. 30] is GRANTED**. **Norwood has until January 29, 2024, to furnish the U.S. Marshal with the required USM-285 forms** (one filled out for each defendant, providing the defendant's complete address for service of process) by mailing the forms to:

> Lloyd D. George United States Courthouse
> Attn: U.S. Marshal Service
> 333 S. Las Vegas Blvd., Suite 2058
> Las Vegas, NV 89101

---

[11] 28 U.S.C. § 1404(a).

[12] *Id.* at § 1404(c).

[13] *See* ECF No. 31 (Norwood's change-of-address notice).

4

Within 20 days of receiving from the U.S. Marshal a returned copy of the USM-285 forms showing whether service has been accomplished, Norwood must file a notice with the court in the northern division identifying which defendants were served and which were not served. If Norwood wishes to have service again attempted on any unserved defendant, he must file a motion in which he identifies the unserved defendants and specifies a more detailed name and address for the defendant, or whether some other proper manner of service should be attempted.

**The Clerk of Court is directed to SEND** to Norwood **two** USM-285 forms.[14] **The Clerk of Court is further directed to DELIVER** this order, a copy of the summonses at ECF No. 12, and sufficient copies of the second-amended complaint (ECF No. 9) to the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that Norwood's motion to transfer his case to the unofficial Northern Division of Nevada in Reno, Las Vegas **[ECF No. 33] is GRANTED. This action is transferred to the unofficial northern division of this court for all further proceedings**. The Clerk of Court is directed to transfer and reopen this matter as a new **action** under a new docket number in the northern division and close the action under this docket number, without prejudice to Norwood regarding any federal limitation period or filing fee. **Norwood is advised that he must file all future motions, pleadings, and notices under the new case number in the northern division, as this case will be closed.**

_____
U.S. District Judge Jennifer A. Dorsey
January 8, 2024

---

[14] The form is also available at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

5